In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-058 CR


____________________



TOMMY CHARLES HOAGLAND, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 253rd District Court


Liberty County, Texas


Trial Cause No. CR24922






MEMORANDUM OPINION


 A jury convicted appellant, Tommy Charles Hoagland, of the murder of Jerome David
Reed, Jr. With an agreed punishment recommendation as a "guide," the trial court sentenced
Hoagland to confinement in the Texas Department of Criminal Justice - Correctional
Institutions Division for a term of forty years. Hoagland's appellate counsel filed a brief that
concluded no arguable error was presented in the trial record, and any appeal would be
frivolous. Subsequently, Hoagland filed pro se paperwork we take to be his appellate brief. 
 

 In Bledsoe v. State, the Court provides the following salient directive:

 When faced with an Anders brief and if a later pro se brief is filed, the
court of appeals has two choices. It may determine that the appeal is wholly
frivolous and issue an opinion explaining that it has reviewed the record and
finds no reversible error. Anders, 386 U.S. at 744, 87 S.Ct. 1396. Or, it may
determine that arguable grounds for appeal exist and remand the cause to the
trial court so that new counsel may be appointed to brief the issues. Stafford,
813 S.W.2d at 511. Only after the issues have been briefed by new counsel
may the court of appeals address the merits of the issues raised. Id. at 509-10
(quoting Anders, 386 U.S. at 744, 87 S.Ct. 1396). If the court of appeals were
to review the case and issue an opinion which addressed and rejected the
merits raised in a pro se response to an Anders brief, then Appellant would be
deprived of the meaningful assistance of counsel. Furthermore, this does not
deprive Appellant of his right to file a petition for discretionary review. 
Appellant is free to file a petition for discretionary review with this Court
claiming that the court of appeals erred in holding that there were no arguable
grounds for review. 


Bledsoe, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005) (footnote omitted). (1)


 Hoagland's pro se brief complains, inter alia, of the fact that the jury rejected self-defense as justification for his shooting of Reed, and of ineffective assistance of trial counsel. 
Appellate counsel's Anders brief does an excellent job of raising a number of the same issues
and does an equally excellent job of explaining in detail why each issue is not an arguable
ground for appeal. Our examination of the record leads us to concur with appellate counsel. 
Hoagland's case for self-defense was significantly hampered by a tape-recorded confession
he provided to authorities following his arrest on the night of the murder. Furthermore,
during neither his confession nor his trial testimony did Hoagland indicate that his use of
deadly force was immediately necessary to prevent what he perceived to be use or attempted
use of deadly force by Reed. See Tex. Pen. Code Ann. § 9.32 (Vernon 2003). Nevertheless,
the trial court provided the jury with an instruction on the use of deadly force in defense of
person. 

 The issue of self-defense is a fact issue to be determined by the jury, and a jury is free
to accept or reject the defensive issue, even if the evidence is uncontroverted. See Wilkerson
v. State, 881 S.W.2d 321, 324 (Tex. Crim. App. 1994). A jury verdict of guilty is an implicit
finding rejecting the defendant's self-defense theory. See Zuliani v. State, 97 S.W.3d 589,
594 (Tex. Crim. App. 2003) (citing Saxton v. State, 804 S.W.2d 910, 914 (Tex. Crim. App.
1991)).

 In the instant case, we have carefully reviewed the record and find it contains no
reversible error. See Bledsoe, 178 S.W.3d at 826-27. The record contains no "outrageous"
acts or omissions on the part of trial counsel. As noted in Bledsoe, Hoagland is free to file
a petition for discretionary review raising error by this Court in the instant appeal. Id. at
827. (2) Finding no reversible error, we affirm the judgment of the trial court. 

 AFFIRMED.

 __________________________________

 CHARLES KREGER

 Justice


Submitted on January 12, 2006

Opinion Delivered April 12, 2006

Do not publish


Before Gaultney, Kreger and Horton, JJ.
1. "Anders" refers to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d
493 (1967), and "Stafford" refers to "Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App.
1991).
2. However, as the Court of Criminal Appeals also noted: "While an appellant has a right
to file a petition for discretionary review with this Court, review is not a matter of right." 
Bledsoe, 178 S.W.3d at 827 n.6 (citing Tex. R. App. P. 66.2) (emphasis in original).